UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JEFFREY MAURICE ROBINSON, | ) | |
| | ) | |
| Petitioner | ) | Civil No. 6:26-cv-00159-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN J. BOLLAR, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

*** *** *** ***

Federal inmate Jeffrey Maurice Robinson filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he argues that the Federal Bureau of Prisons ("BOP") incorrectly determined that he is ineligible to earn First Step Act ("FSA") time credits. [R. 1.] Robinson's petition is now before the Court on initial screening pursuant to 28 U.S.C. § 2243.

The Court has reviewed Robinson's submission but will deny his request for relief. As background, Robinson pled guilty to possession with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). *See United States v. Jeffrey Maurice Robinson*, No. 5:21-cr-00064, at R. 36 (E.D. Ky. 2021). The Court sentenced Robinson to a total of 360 months of imprisonment—300 months for the § 841(a)(1) offense followed by a consecutive term of 60 months for the § 924(c)(1)(A) offense. *See id.* Robinson was committed to federal custody and is now complaining that the BOP is improperly refusing to allow him to earn FSA time credits against his sentence. [*See* R. 1.]

This Court recognizes that the FSA allows a prisoner to earn time credits towards pre-release custody or supervised release if he successfully participates in evidence-based recidivism

reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d)(4). However, the FSA also provides that a prisoner is ineligible to receive such time credits if he is serving a sentence for a disqualifying offense, and the statute specifically includes possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) as one such disqualifying offense. *See id.* at § 3632(d)(4)(D)(xxii). According to Robinson, given his conviction under § 924(c), the BOP determined that he was ineligible to earn FSA time credits. [*See* R. 1-3 at 7.]

While Robinson acknowledges his § 924(c) conviction, he argues that he should be able to earn FSA time credits against the portion of his sentence that relates to his § 841 conviction (which he says is not a disqualifying offense). However, 18 U.S.C. § 3584(c) provides that the BOP shall aggregate multiple prison sentences "for administrative purposes," and many courts, including but not limited to this one, have upheld the BOP's decision to aggregate sentences for FSA time credit purposes. *See, e.g., Ledford v. LeMaster*, No. 0:23-cv-030-DLB, 2023 WL 2905376 (E.D. Ky. 2023). Notably, the United States Court of Appeals for the Sixth Circuit has specifically affirmed such a decision from this Court, saying that it "did not err in concluding that [petitioner's] aggregated sentence precluded him from receiving earned time credit under the FSA and denying his § 2241 petition." *Keeling v. LeMaster*, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023). Given this authority, Robinson's present petition is unavailing.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Robinson petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[R. 1]** is **DENIED**;

2. All pending motions are **DENIED as moot**;

3. This action is **STRICKEN** from the Court's docket; and

2

4.   The Court will enter a corresponding Judgment.


This the 19th day of May, 2026.


Gregory F. Van Tatenhove
United States District Judge

3